57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
REFUSE COMPACTOR SERVICE, INC., Respondent.
 No. 93-70988
 United States Court of Appeals, Ninth Circuit.
 June 9, 1995.*
 
 1
 On Application for Enforcement of an Order of the National Labor Relations Board; Nos. 31-CA-18073, 31-CA-18175, 31-CA-18245, 31-CA-18287, 31-CA-18385 and 31-CA-18497.
 
 
 2
 N.L.R.B.
 
 
 3
 ENFORCEMENT GRANTED.
 
 
 4
 Before: HALL and LEAVY, Circuit Judges, and LEVI,** District Judge
 
 
 5
 MEMORANDUM***
 
 
 6
 The National Labor Relations Board petitions for enforcement of its order entered May 13, 1993 against Refuse Compactor Service, Inc. ("RCS"). We have jurisdiction under 29 U.S.C. Sec. 160(e) and now grant the Board's application for enforcement.
 
 
 7
 In its Decision and Order the Board found that RCS had committed various unfair labor practices in violation of section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. Sec. 158(a)(1):
 
 
 8
 [b]y threatening automatically to fire all employees who chose to participate in an economic strike, by threatening employees that their unionization efforts will be futile, by implicitly promising a wage increase to discourage employees from supporting the Union, by running a forklift into an employee peacefully picketing RCS' premises, by closing a gate in such a way as to cause it to strike an employee while the employee was peacefully picketing [RCS'] premises, by threatening violence against picketing employees' families, and by burning a picket sign in the presence of picketing employees, [RCS] has violated Section 8(a)(1) of the Act.
 
 
 9
 The Board also found that RCS had committed an unfair labor practice in violation of section 8(a)(3) of the Act, 29 U.S.C. Sec. 158(a)(3), by refusing to reinstate all striking employees including one Carlos Ramirez who had resigned during the strike.
 
 
 10
 On appeal the Board's findings of fact are conclusive if they are supported by "substantial evidence on the record considered as a whole." 29 U.S.C. Sec. 160(e). RCS challenges only four of the Board's findings. First, it argues that the threat made by Art Nevill, the President of RCS, to run over the families of strikers was not of sufficient immediacy to deter strikers from continuing to picket or from bringing family members to the picket lines. However, given that the statement by Nevill occurred after Nevill had struck two picketers, one with a forklift and another with a gate, the Board's finding that the threat to family members was such as to deter employees from exercising protected rights is supported by substantial evidence.
 
 
 11
 Second, RCS argues that the Board erred in finding that Nevill's burning of a picket sign, while yelling expletives at picketers, amounted to an unfair labor practice. But again in light of the violence previously directed at picketers, the Board's conclusion that employees would reasonably understand the episode as threatening physical violence is supported by substantial evidence.
 
 
 12
 Third, RCS challenges the Board's affirmance, without discussion, of the Administrative Law Judge's ("ALJ") finding that Carlos Ramirez did not abandon his right to reinstatement by submitting a letter of resignation. The ALJ's findings are based in major part upon credibility determinations which are entitled to special deference. The ALJ found that Ramirez informed RCS that he was resigning because he had financial problems and needed a job. He also told Nevill that he "just didn't want any problem with the company or the union." These findings by the ALJ are supported by substantial evidence in the record, and support his conclusion that in the circumstances here Ramirez' resignation was not an unequivocal abandonment of his right to further employment.
 
 
 13
 Finally, RCS challenges the Board's finding that it violated section 8(a)(3) of the Act by refusing to reinstate striking employees upon the Union's unconditional offer to return to work. RCS argues that it had no positions to offer because it had lost business during the strike. However, RCS failed to present any evidence to this effect either to the ALJ or the Board. In ordering RCS to reinstate, and give backpay to, former strikers, the Board noted that in future compliance proceedings RCS will have the opportunity to prove "that economic events subsequent to the date of violation justify limitation of its reinstatement and make-whole liability." With the understanding that RCS will have this opportunity in future compliance proceedings, the Board's finding and order as to reinstatement are affirmed since RCS offered no evidence to the contrary during the unfair labor practice proceedings.
 
 
 14
 The application of the Board for enforcement of its order entered May 13, 1993 is now GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3